1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

HANNA V. CONGER,

        Plaintiff,

   v.

K&D FISHERIES LLC, *et al*.,

        Defendants.

Case No. C17-1270 RSM

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO REINSTATE
MAINTENANCE AND CURE

15

16

17

18

19

20

21

22

23

### I.     INTRODUCTION

      This matter comes before the Court on Plaintiff's Motion to Reinstate Maintenance and

Cure. Dkt. #10. Plaintiff argues that she is entitled to maintenance and cure until a medical

professional has determined that she has reached maximum cure, which has not yet occurred.

*Id.* Defendants oppose the motion, arguing that the record evidences Plaintiff has reached

maximum cure, and therefore they are no longer required to pay maintenance and cure. Dkt.

#15. For the reasons discussed herein, the Court now GRANTS IN PART Plaintiff's motion.

24

25

26

27

28

29

30

### II.     BACKGROUND

      Ms. Conger was injured aboard the F/V KESIA DAWN in September of 2014, when a

full tote of fish dropped on her left foot. Dkt. #1 at ¶ 7. Plaintiff apparently did not seek any

medical attention while in service of the vessel. Dkt. #15-1 at ¶ 10, Ex. E. In an email from

Plaintiff's counsel to Defense counsel, the following was relayed regarding Ms. Conger's

treatment:

ORDER– 1

. . . . She left the boat but did not immediately seek treatment. She was given no accident report to sign, neither maintenance nor unearned wages.

Conger finally sought treatment, with her personal health insurance, at a doc-in-the-box in Bellevue on 11/12/14. She was referred to Orthopedics but apparently chose treatment from Father Time instead of following up with Ortho.

The pain seemed to decrease at first but later flared up due to "significant scarring." She went for an evaluation at Va. Mason on 4/14/17 and was referred to physical therapy. . . .

Dkt. #15-1, Ex. B.

In May of 2017, Defendants were requested to pay $45/day maintenance and cure. *Id.* Defendants agreed to pay the requested rate, and sent Plaintiff a check for payments from the date she saw a doctor on April 14, 2017, to June 9, 2017, and agreed to make continued payments during Plaintiff's recovery. Dkt. #15-1, Ex. C.

Plaintiff last saw Dr. Shaw at Virginia Mason Medical Center on July 26, 2017, for a "Sports medicine podiatry follow-up." Dkt. #10, Ex. 1. Dr. Shaw noted that:

[Hanna's] done 6 weeks of formal PT and met all goals, and admits she's been a little sporadic in her home PT since. Nonetheless pain is slowly improving, now only 2/10 at worst. She is able to run 4 days weekly and hike with occasional intermittent discomfort.
. . .
Assessment:
Left foot s/p contusion, slowly improving.

Plan:
-Exam, diagnosis and continued treatment options discussed at length with patient. I strongly recommended continuing diligent home PT with foot stretching, intrinsic strengthening and massage. This will likely maximize her improvement. We did discuss MRI but she is concerned about cost and I also don't have any clear pathology to assess. She'll continue home exercises.
-Patient understands treatment plan. All questions answered to patient's satisfaction.
-Follow-up as needed.

Dkt. #10, Ex. 1.

ORDER– 2

1
2
3
4
5
6
7
8

After reviewing the report from Dr. Shaw, Defendants informed Plaintiff that they would stop paying maintenance and cure as of July 26, 2017, based on the fact that Plaintiff was running four days a week and hiking with occasional discomfort, that Dr. Shaw was not recommending further PT or an MRI, and that Plaintiff had no follow-up appointment scheduled. Dkt. #10, Ex. 2. The instant action followed.

### III.    DISCUSSION

Under principles of general maritime law, seamen are entitled to maintenance and cure from their employer for injuries incurred in the service of the ship[.]" *Aguilera v. Alaska Juris F/V, O.N. 569276*, 535 F.3d 1007, 1009 (9th Cir. 2008) (alteration in original) (citation and internal quotation marks omitted). This form of compensation does not depend in any way on the fault or negligence of the shipowner, but rather is designed as a contractual agreement between employer and employee to provide a seaman with support and medical expenses as a result of his injury or illness aboard the vessel. *See Aguilar v. Standard Oil Co. of N.J.*, 318 U.S. 724, 730-31, 63 S. Ct. 930, 87 L. Ed. 1107 (1943). "Maintenance . . . is designed to provide a seaman with food and lodging when he becomes sick or injured in the ship's service; and it extends during the period when he is incapacitated to do a seaman's work and continues until he reaches maximum medical recovery." *Vaughan v. Atkinson*, 369 U.S. 527, 531, 82 S. Ct. 997, 8 L. Ed.2d 88 (1962). Cure is generally understood to require the provision of medical treatment and similarly extends until maximum medical recovery has been reached as a result of "continued and necessary medical treatment." *Luksich v. Misetich*, 140 F.2d 812, 814 (9th Cir. 1944); *see Crooks v. United States*, 459 F.2d 631, 632-33 (9th Cir. 1972). In the motion before it, the Court must determine whether Plaintiff has reached maximum cure.

ORDER– 3

As an initial matter, the parties dispute the proper standard of review for this motion. Plaintiff argues that to discontinue maintenance and cure, the shipowner must have unequivocal evidence that the Plaintiff has reached maximum cure, which is not present in this case. Dkt. #10 at 2. Defendant argues that the evidence demonstrates Plaintiff has reach maximum cure, but that if there is any question as to that fact, the Court should treat the motion as one for summary judgment. Dkt. #15 at 2-8.

Plaintiff asserts that the summary judgment standard should not be applied in situations like the instant one, citing *Dean v. Fishing Co. of Alaska, Inc.*, 177 Wn.2d 399, 300 P.3d 815, 821-22 (2013). In *Dean*, the Washington Supreme Court held that the summary judgment standard applies only to determine a seaman's initial entitlement to maintenance and cure. Dkt. #17 at 2. The court reasoned that this initial entitlement "presents legal questions that can properly be resolved on summary judgment," but that "it does not necessarily follow that the summary judgment standard must be applied to a seaman's motion to reinstate maintenance and cure." *Dean*, 300 P.3d at 822-23. In reaching this conclusion, the *Dean* court relied on *Gouma v. Trident Seafoods, Inc.*, 2008 U.S. Dist. LEXIS 108278, 2008 WL 2020442 at *2 (W.D. Wash. Jan. 11, 2008), a case from this District where Judge Pechman made the same distinction.

The Court finds that Defendants incorrectly characterize Plaintiff's motion as one for summary judgment. An injured seaman seeking reinstatement of maintenance and cure payments which were terminated by his employer cannot be considered in the same procedural posture as a party seeking summary judgment.[1] As other Circuit and District courts have

---

[1] In *Buenbrazo v. Ocean Alaska, LLC*, 2007 U.S. Dist. LEXIS 81594, 2007 WL 3165523 (W.D. Wash. Oct. 24 2007), this Court recognized the "obvious tension" between the summary judgment standard, where the facts are construed in the light most favorable to the non-moving

ORDER– 4

stated, "[t]he decision to terminate must be unequivocal." *Johnson v. Marlin Drilling Co.*, 893 F.2d 77, 79 (5th Cir. 1990)]. Maximum cure is reached when it is medically determined that further improvement in a plaintiff's health is not reasonably possible. *Vella v. Ford Motor Co.,* 421 U.S. 1, 5, 95 S. Ct. 1381, 1384, 43 L. Ed. 2d 682 (1975). The employer should consider all available medical evaluations whether the claimant is fit for duty in deciding to terminate maintenance and cure payments. *Tullos v. Resource Drilling, Inc.,* 750 F.2d 380 (5th Cir. 1985). A vessel owner must only pay for curative, as opposed to palliative, medical treatment. *Stanovich v. Jurlin,* 227 F.2d 245, 246 (9th Cir. 1955).

In this case, Plaintiff has demonstrated that there is ambiguity on the question of whether she has achieved maximum cure. Although Dr. Shaw left open any follow up appointments, he also recommended "continuing diligent home PT with foot stretching, intrinsic strengthening and massage" which would "likely maximize her improvement." Dkt. #10, Ex. 1. Defendants have no medical evaluations to the contrary or that state no more improvement is likely to be made, but do point to the fact that Plaintiff is running four days a week, hiking with only occasional intermittent discomfort, and that shortly after her last exam Plaintiff left for a multi-month backpacking trip across Mexico. Dkts. #15 at 5-6 and #15-1, Ex. I. Thus, the Court finds equivocation in regard to whether Plaintiff has achieved maximum cure. As a result, Defendants must pay Plaintiff for maintenance and cure from the date of their suspension of payments until this matter is definitively resolved in this Court.

Plaintiff has also requested attorney's fees in the amount of $1,350 for bringing this motion. Dkt. #10 at 3. The Ninth Circuit applies an "arbitrary, recalcitrant or unreasonable"

---

party, and the canon of admiralty law providing that all doubts be resolved in favor of the seaman. 2007 U.S. Dist. LEXIS 81594, 2007 WL 3165523 at *1.

legal standard to requests for attorney's fees in maintenance and cure actions. *Kopczynski v. The Jacqueline,* 742 F.2d 555, 559 (9th Cir. 1984); *see also Vaughan v. Atkinson,* 369 U.S. 527, 530-31, 82 S. Ct. 997, 8 L. Ed. 2d 88 (1962) (allowing attorney's fees against shipowner who willfully and persistently failed to investigate claim for maintenance and cure by a seaman). Under the circumstances of this case, the Court cannot find that Defendants were arbitrary, recalcitrant or unreasonable in discontinuing maintenance and cure payments. Accordingly, Plaintiff's request for attorney's fees is DENIED.

## IV.     CONCLUSION

Having reviewed Plaintiff's motion, the opposition thereto and reply in support thereof, along with the supporting Declarations and Exhibits and the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff's Motion to Reinstate Maintenance and Cure (Dkt. #10) is GRANTED IN PART AND DENIED IN PART as discussed above.

2. Defendants SHALL PAY to Plaintiff maintenance and cure from the date of suspension of payments until this matter is definitively resolved in this Court.

3. Plaintiff's request for attorney's fees is DENIED.

DATED this 20th day of October 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER– 6