# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

HANNA V. CONGER,

                Plaintiff,

vs.

K & D FISHERIES, LLC, *in personam*; THE F/V KESIA DAWN, OFFICIAL NO. 629009, HER ENGINES, MACHINERY, APPURTENANCES, AND CARGO, *in rem,*

                Defendants.

Case No. 3:17-cv-00231-SLG

## ORDER RE RENEWED SEAMAN'S MOTION TO REINSTATE MAINTENANCE AND CURE

Before the Court is Plaintiff's Renewed Seaman's Motion to Reinstate Maintenance and Cure (Docket 35), Defendants' Response (Docket 36) and the Reply (Docket 38). Oral argument was not requested on the motion and was not necessary to its determination.

The motion was first filed when this case was pending in the Western District of Washington. In an order dated October 20, 2017, District Judge Ricardo Martinez initially granted the motion and ordered Defendants to pay "Plaintiff maintenance and cure from the date of suspension of payments until this matter is definitively resolved in this Court."[1] The district court denied Plaintiff's request for attorney's fees, as it did not find "that Defendants were arbitrary, recalcitrant or unreasonable in discontinuing maintenance and cure payments." *Id.* However, shortly after entering that order, the district court

---

[1] Docket 22 at 6.

transferred the case to the District of Alaska and vacated the order reinstating Plaintiff's maintenance and cure. The transfer order also provided, "Nothing in this Order precludes Plaintiff from re-filing her motion in the U.S. District Court for the District of Alaska should she feel such action is necessary."[2] On December 4, 2017, Plaintiff renewed the motion in this Court. Defendants opposed, and noted that an IME and deposition of Plaintiff had been scheduled for mid-January 2018.[3] In her reply, Plaintiff indicates her willingness "to stipulate that her entitlement to retroactive maintenance can be frozen from the date a Rule 35 Exam was first requested by defendants, to January 16, 2018 when such examination is scheduled to occur[.]"[4]

The Court has reviewed Judge Martinez's vacated Order that had reinstated the maintenance and cure and agrees with its analysis. Recovery of maintenance and cure "should not be extended beyond the time when the maximum degree of improvement to [a seaman's] health is reached."[5] But here, the Court agrees with Judge Martinez that there is "equivocation in regard to whether Plaintiff has achieved maximum cure."[6] Although Defendants cite to Fifth Circuit authority for the proposition that ongoing medical treatment is a necessary predicate to continued maintenance,[7] Ninth Circuit authority provides that the maintenance obligation continues "until the seaman is well or his

---

[2] Docket 26 at 2.

[3] Docket 36 at 5.

[4] Docket 38 at 3.

[5] *Luksich v. Misetich*, 140 F.2d 812, 814 (9th Cir. 1944).

[6] Docket 22 at 5.

[7] *See* Docket 36 at 6 (citing *L.C. Johnson v. Marlin Drilling Co.,* 893 F.2d 77, 79 (5th Cir. 1990)).

3:17-cv-00231-SLG, *Conger v. K & D Fisheries, et al.*
Order re Renewed Seaman's Motion to Reinstate Maintenance and Cure
Page 2 of 3

condition is found to be incurable."[8] The most recent medical record in the file contains equivocation as to whether Plaintiff has achieved maximum cure. On July 26, 2017, Dr. Shaw indicated that Ms. Conger's left foot was then "slowly improving" and with "diligent home PT with foot stretching, intrinsic strengthening and massage" she "will likely maximize her improvement."[9] For the foregoing reasons, the Court will grant the renewed motion to reinstate the maintenance and cure.

The Court will deny the renewed request for attorney's fees. In light of the fact that Judge Martinez initially denied the fee award, then vacated the reinstatement order when transferring the case to Alaska, the Court does not find that Defendants' continuing objection to the reinstatement of the maintenance and cure to be "arbitrary, recalcitrant or unreasonable."

Based on the foregoing, IT IS ORDERED:

1. Plaintiff's renewed motion for maintenance and cure at Docket 35 is GRANTED as follows: Defendants shall reinstate Plaintiff's maintenance and cure until such time as this matter is definitively resolved by the Court; provided, that Defendants do not need to pay maintenance for the time from when the Rule 35 Exam was first requested by Defendants until January 16, 2018, pending further order of the Court.

2. Plaintiff's renewed request for attorney's fees is DENIED.

DATED this 6th day of February, 2018 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[8] *Permanente Steamship Corp. v. Martinez,* 369 F.2d 297, 298 (9th Cir. 1966); *see also Nuzum v. Dritsik Fisheries, Inc.*, No. A93-0057 CV (HRH), 1995 WL 455801, at *4 (D. Alaska Mar. 13, 1995).

[9] Docket 35 at 7.

3:17-cv-00231-SLG, *Conger v. K & D Fisheries, et al.*
Order re Renewed Seaman's Motion to Reinstate Maintenance and Cure
Page 3 of 3